HOWARD, Circuit Judge
(Concurring).
I agree with Judge Torruella that the government did not violate defendant Edward Coker’s Sixth Amendment right to counsel, and that Texas v. Cobb, 532 U.S. 162, 121 S.Ct. 1335, 149 L.Ed.2d 321 (2001), is instructive as to why. Coker argues that the interests protected by the prohibition against government contact with an accused after the right to counsel has attached would be undermined if federal authorities, investigating whether an incident that already has given rise to state charges also should be charged as a parallel federal offense, were permitted to question the accused without first approaching his lawyer in the state proceeding. The argument is a classic one for substance over form: the substance of the right to counsel would be unduly compromised if, under these circumstances, the court were to accord dispositive significance to the fact that the federal crime being investigated, while containing the same elements as the charged state crime, is formally distinct because it is a crime against a separate sovereign.
The problem with Coker’s argument is that, sometimes, a formalist approach itself serves substantive interests. In this case, the formalist approach urged by the government will serve an interest in permitting investigating authorities to talk with witnesses and suspects who have been charged with formally distinct offenses— even those arising from the same incident under investigation. And it will do so by means of a bright-line rule that eliminates the need for judgment calls about where constitutional boundaries might lie. As Judge Torruella explains, a majority of the Supreme Court — albeit a slim one — has in no less compelling circumstances favored the investigative interest over the admittedly substantial interests invoked by Coker. See Cobb, 532 U.S. at 171-72, 121 S.Ct. 1335. Having constructed and justified the formalist approach, the Court should be the source of any change in legal direction.[13]

. I acknowledge the merit of our concurring colleague’s well articulated prudential *53 concerns, but I cannot join his analysis of whether there has been a Sixth Amendment violation, because the analysis is in my view argumentum ad consequentiam.